# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAMERON LYONS,<br><br>    Petitioner,<br><br>v.<br><br>KELLY SANTORO, Warden,<br><br>    Respondent. | Case No. CV 16-9064 ODW (MRW)<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE** |

    The Court summarily dismisses this habeas action without prejudice based on Petitioner's failure to exhaust his claims in state court and for failure to state a legitimate claim.

\* \* \*

    1.    Petitioner is currently serving an eight-year term in state prison following his nolo contendere plea for possessing identifying information. Petitioner entered his plea and was sentenced in 2016.

    2.    Petitioner seeks to present a variety of procedural claims on federal habeas review. He also contends that his vision and mental health problems give rise to a habeas claim under the federal Americans with Disabilities Act.

3. Magistrate Judge Wilner screened the petition pursuant to this Court's habeas rules. (Docket # 4.) Judge Wilner observed that Petitioner previously raised some or all of his claims in the California Court of Appeal. However, Petitioner has not presented his claims in the California Supreme Court. Judge Wilner informed Petitioner that exhaustion in the state supreme court was a prerequisite to habeas review under federal law.

4. Additionally, Judge Wilner informed Petitioner that his claims did not appear to state a cognizable violation of the federal constitution that could conceivably give rise to habeas relief. The magistrate judge then ordered Petitioner to submit a further statement to respond to these issues.

5. Petitioner filed a brief submission. (Docket # 6.) Petitioner explained that "the spirit led Petitioner to file the petition" in federal court rather than in the state supreme court. He then conclusorily claimed that his failure to exhaust his claims properly should be excused because his rights were violated in the lower state courts. (Id.)

\* \* \*

6. If it "appears from the application that the applicant or person detained is not entitled" to habeas relief, a court may dismiss a habeas action without ordering service on the responding party. 28 U.S.C. § 2243; see also Rule 4 of Rules Governing Section 2254 Cases in United States District Courts (petition may be summarily dismissed if petitioner plainly not entitled to relief); Local Civil Rule 72-3.2 (magistrate judge may submit proposed order for summary dismissal to district judge "if it plainly appears from the face of the petition [ ] that the petitioner is not entitled to relief").

7. Dismissal of this action is appropriate on the grounds that the magistrate judge identified. Under AEDPA (the federal law that governs habeas petitions filed by state inmates), a state prisoner must exhaust all claims as a

prerequisite to a federal court's consideration of a habeas corpus petition. 28 U.S.C. § 2254(b)(1)(A); Kyzar v. Ryan, 780 F.3d 940, 946 (9th Cir. 2015). The prisoner must fairly present those claims to the state's highest court. Rose v. Lundy, 455 U.S. 509 (1982). A claim has not been fairly presented unless the prisoner describes in the state court proceedings both the operative facts and federal legal theory on which his claim is based. Duncan v. Henry, 513 U.S. 364, 370 (1995). Petitioner bears the burden of demonstrating this prerequisite has been met. Williams v. Craven, 460 F.2d 1253, 1254 (9th Cir. 1972).

8. Petitioner admits that he failed to present his claims to the state supreme court before commencing his habeas action. The claims are therefore subject to dismissal due to his failure to exhaust.

9. Further, Petitioner's bare assertion that he has ADA and civil rights claims that must be reviewed in this federal habeas action is untenable. An action under Section 2254 requires a prisoner to allege that he is in state custody based on a conviction that involved a "decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States" – that is, a violation of the U.S. Constitution.

10. The petition identifies no such constitutional claims. Moreover, Petitioner's ADA claims cannot support a habeas action. An "ADA claim does not assert the denial of a constitutional right," and cannot lead to habeas relief. Bills v. Clark, 628 F.3d 1092, 1096 n.1 (9th Cir. 2010).

11. The magistrate judge previously gave Petitioner an opportunity to address the obvious defects with his habeas petition. Petitioner's statement failed to do so. Dismissal of the action is therefore appropriate based on the procedural posture and substantive claims asserted in the petition.

1     Therefore, the present action is hereby DISMISSED without prejudice.

2     IT IS SO ORDERED.

5 Dated: January 19, 2017            _____

6                                          HON. OTIS D. WRIGHT II
                                          UNITED STATES DISTRICT JUDGE

8 Presented by:

11 _____

12 HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE